IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DON WAYNE COOPER, #336589 § | |
| § | |
| V. § | CIVIL ACTION NO. G-04-553 |
| § | |
| DOUG DRETKE, ET AL. § | |

**REPORT AND RECOMMENDATION**

Plaintiff Don Wayne Cooper, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, complaining of deliberate indifference to his serious medical needs. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to

service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff alleges that his constitutional right to adequate medical care was violated when physicians at the University of Texas Medical Branch refused to recommend a hearing aid for him. He also names several TDCJ officials as Defendants because of their alleged role in policy formation which prohibits payment for hearing aids for prisoners who can hear out of one ear. Plaintiff had a free-world hearing aid (which he used to alleviate symptoms associated with tinnitus) prior to entering the TDCJ. At some point during his incarceration, the hearing aid failed and was sent away for repair; it was returned as unrepairable. Plaintiff premises his lawsuit on Defendants' refusal to give him another one.

In order to prevail on a claim of inadequate medical care under the Eighth Amendment and 42 U.S.C. § 1983, a Plaintiff must establish deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-107 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle,* 429 U.S. at 105-06. The appropriate test for deliberate indifference is a subjective inquiry; the Plaintiff must establish that prison officials were actually aware of the risk, yet consciously disregarded it. *Lawson*

*v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002). Disagreements with the type of medical treatment provided cannot support a claim under Section 1983, nor will negligence or medical malpractice. Rather, the Plaintiff must demonstrate that the Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard" for his serious medical needs. *See Domino v. Texas v. Dep't. of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff's claim of deliberate indifference fails for several reasons. He has failed to establish that he has a *serious* medical need and has also failed to show that he suffered any harm from being denied a hearing aid. In the responses to his grievances, he is told more than once that he would not be fitted for a hearing aid because he can hear from his left ear. This fact is also confirmed by statements from Plaintiff's physicians at UTMB. Plaintiff simply wants the hearing aid to relieve the discomfort of tinnitus.

Under the Prison Litigation Reform Act of 1995 and 42 U.S.C. § 1997e(e), recovery of monetary damages is barred absent a showing of a specific physical injury. As Plaintiff suffered no discernible harm or physical injury as a result of being denied a hearing aid, his claims are barred as a matter of law.

For the foregoing reasons, it appears to this Court that Plaintiff's claim lacks an arguable basis in law and fact and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319 (1989). It is, therefore, the **RECOMMENDATION** of this Court that the above-styled case be **DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2).**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff. Plaintiff shall have until **November 8, 2006,** in which to have written objections **physically on file** in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___19th___ day of October, 2006.

John R. Froeschner
United States Magistrate Judge