IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DON WAYNE COOPER, #336589 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-553 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**ORDER OF DISMISSAL**

Before the Court for its Order of Acceptance is a Report and Recommendation of the United States Magistrate Judge, entered on October 19, 2006, which recommends that the above-styled cause be dismissed with prejudice as frivolous. Plaintiff has filed objections to the Report and Recommendation, reiterating claims which have already been addressed by the Magistrate Judge. These claims, even if true, fail to rise to the level of a constitutional violation cognizable under Section 1983.

Plaintiff also complains that deliberate indifference claims alleged to have occurred in 1997 were not addressed. Because there is no federal statute of limitations for Section 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989). The Court must then determine when the cause of action accrued, and in so doing, federal courts apply federal law. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). The federal standard governing Section 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id*. Plaintiff alleges in his complaint that "constant severe loud ringing" in his left ear occurred in 1997 when he contracted an "MRSA STAFF DISEASE"

while working in the infirmary at the Ramsey III unit. Clearly, the claim for which Plaintiff seeks relief accrued, at the latest, in 1997, and falls well outside the two-year limitations period by over three years. This claim is time-barred.

For the reasons correctly stated by the Magistrate Judge, and after *de novo* review pursuant to 28 U.S.C. §636 (b)(1)(C), this Court is of the opinion that the Report and Recommendation of the Magistrate Judge should be, and it is hereby, **ACCEPTED** in its entirety and incorporated by reference herein. It is the **ORDER** of this Court that this cause is **DISMISSED** with prejudice as frivolous.

This Order does not release Plaintiff or the Texas Department of Criminal Justice, Institutions Division from the obligation to pay the filing fee previously imposed. Plaintiff is advised that if he appeals this dismissal, he will be required to pay the appeal fee of $455.00 pursuant to the Prison Litigation Reform Act, and he must submit a 6-month certificate of his inmate trust account when he files his notice of appeal.

A certified copy of this Order shall be mailed to: **TDCJ-Office of the General Counsel**, P.O. Box 13084, Austin, Texas, 78711; and, to **TDCJ Local Funds Division**, P.O. Box 629, Huntsville, TX 77342-0629.

**DONE** at Galveston, Texas, this the 21st day of November, 2006.

_____
Samuel B. Kent
United States District Judge